**LAWRENCE C. HERSH**
Attorney at Law
17 Sylvan Street, Suite 102B
Rutherford, NJ  07070
(201) 507-6300
*Attorney for Plaintiff, and all others similarly situated*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

————————————————————X
:
SUBHAKAR VEERAMACHANENI, on behalf of :
himself and all others similarly situated, :
:
Plaintiff,   :   Civil Action No.
:
vs.   :   **CLASS ACTION COMPLAINT AND**
:   **JURY TRIAL DEMAND**
FALONI LAW GROUP LLC and HS :
FINANCIAL GROUP, LLC, :
:
Defendants.   :
:
————————————————————X

Plaintiff SUBHAKAR VEERAMACHANENI (hereinafter "Plaintiff"), on behalf of himself and all others similarly situated, by and through his undersigned attorney, alleges against the above-named Defendants FALONI LAW GROUP LLC and HS FINANCIAL GROUP, LLC (hereinafter collectively "Defendants"), their employees, agents, and successors, the following:

**PRELIMINARY STATEMENT**

1. Plaintiff brings this action for actual and statutory damages and declaratory and injunctive relief arising from the Defendant's violation of 15 U.S.C. §

1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3. Venue is proper in this district under 28 U.S.C. §1391(b) because jurisdiction is not founded solely on diversity of citizenship and the cause of action arose in this jurisdiction.

## DEFINITIONS

4. As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## JURY DEMAND

5. Plaintiff demands a jury trial on all issues.

## PARTIES

6. The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

7. Plaintiff is a natural person and resident of Passaic County, State of New Jersey and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

8. Defendant FALONI LAW GROUP, LLC ("FLG") is a law firm in the

State of New Jersey with its principal place of business located at 425 Eagle Rock Avenue, Suite 404, Roseland, NJ 07068 in Essex County. The principal purpose of FLG is the collection of debts in this state and FLG regularly attempts to collect debts alleged to be due another.

9. Defendant HS FINANCIAL GROUP LLC ("HSFG") is a debt buyer engaged in the business of purchasing defaulted consumer debts in this state with its principal place of business located at 18013 Cleveland Parkway, Suite 170, Cleveland, Ohio 44135.

10. Based upon information and belief, each Defendant is a company and/or attorney that uses the mail, telephone, and facsimile and regularly engages in business, the principal purpose of which is to attempt to collect debts alleged to be due another.

11. Each Defendant is a "Debt Collector" as that term is defined by 15 U.S.C. §1692(a)(6).

## CLASS ACTION ALLEGATIONS

12. Plaintiff brings this action as a statewide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of himself and all New Jersey consumers and their successors in interest (the "Class"), as described in this Complaint.

13. This Action is properly maintained as a class action, with the classes defined as follows.

Class 1

- During the class period, all individuals who were sued by the FALONI LAW GROUP LLC on behalf of HS FINANCIAL GROUP, LLC for collection of a debt.

3

Class 2

- During the class period, all individuals who were sued in any New Jersey state court by the FALONI LAW GROUP LLC on behalf of HS FINANCIAL GROUP, LLC for a debt in which the original creditor was identified as HSBCLine of Credit.

Class 3

- During the class period, all individuals who were sued in any New Jersey state court in which the plaintiff(s) in those lawsuits were represented by Defendant FALONI LAW GROUP LLC and the individuals were sued on a time-barred debt.

Class 4

- During the class period, all individuals who were sued in any New Jersey state court in which the plaintiff(s) in those lawsuits were represented by Defendant FALONI LAW GROUP LLC, the current credit was identified as HS FINANCIAL GROUP, LLC and the individuals were sued on a time-barred debt.

Class 5

- During the class period, all individuals who were sued in any New Jersey state court in which the plaintiff was HS FINANCIAL GROUP, LLC and the individuals were sued for amounts in excess of what the individual was legally obligated to pay.

Class 6

- During the class period, all individuals who were sued in any New Jersey state court by the FALONI LAW GROUP LLC in which the current creditor was identified as HS FINANCIAL GROUP, LLC and the original credit was identified as HSBCLine of Credit.

Class 7

- During the class period, all individuals who were sued in any New Jersey state court by the FALONI LAW GROUP LLC on behalf of HS FINANCIAL GROUP, LLC prior to the expiration of the period for disputing the debt provided for in a prior initial written collection letter

4

       sent pursuant to section 1692g of the FDCPA.

<u>Class 7</u>

- During the class period, all individuals who were sued in any New Jersey state court by the FALONI LAW GROUP, LLC on behalf of HS FINANCIAL GROUP, LLC after the FALONI LAW GROUP, LLC having received a debt validation request from the individual, but prior to the FALONI LAW GROUP providing validation of the debt information to the individual.

The Class period begins one year prior to the filing of this Action. The class definition may be subsequently modified or refined. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who were subject to the conduct alleged herein.
- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

   a. Whether Defendants violated various provisions of the FDCPA;

   b. Whether Plaintiff and the Class have been injured by the Defendants' conduct;

   c. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants wrongdoing, and if so, what is the proper measure and appropriate statutory

       formula to be applied in determining such damages and restitution; and

         d. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories;

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class;

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class;

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action;

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as

    monetary damages.  If the Defendant's conduct is allowed to proceed without remedy it will continue to reap and retain the proceeds of its ill-gotten gains;

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

14. Plaintiff is at all times relevant to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

15. Defendants collect and attempt to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the Courts, the United States Postal Service, telephone and/or the Internet.

16. Each Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6).

17. On or about October 3, 2018, Plaintiff allegedly entered into a loan agreement with HSBC Bank and/or HSBCLine of Credit ("HSBC") for a consumer loan in the amount of $6,000 ("the Debt").

18. Under the terms of the loan agreement giving rise to the Debt, the applicable law was that of the State of Virginia.

19. Under the law of Virginia, the statute of limitations for written contracts is five years, and for oral contracts is three years.

20. Under the terms of the loan agreement giving rise to the Debt, Plaintiff was supposed to begin repaying the Debt beginning on November 13, 2018, with a minimum payment due amount of $76.00.

21. However, after taking out the loan giving rise to the debt, Plaintiff never made any loan payments on the Debt and never made the minimum payment due on November 13, 2018.

22. As a result of Plaintiff's failure to make the first payment as agreed. Beginning on November 14, 2018, Plaintiff was in default as to his obligation under the terms of the loan agreement giving rise to the Debt.

23. The Debt arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction were primarily for personal, family or household purposes.

24. The alleged Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

25. HSBC is a "creditor" as defined by 15 U.S.C. § 1692a(4).

26. On or about May 11, 2019, HSBC charged off the Debt.

27. Subsequently, HSBC directly or through intermediate transactions assigned, placed or transferred its entire interest in the Debt to Defendant HSFG for purposes of collection.

28. On or about November 15, 2023, Defendants sent Plaintiff an initial collection letter purporting to comply with section 1692g(a) of the FDCPA.

29. The November 15, 2023 collection letter indicated that if Plaintiff wrote to Defendants on or before December 24, 2023 then Defendants must stop collection activity until Defendants provided validation of the Debt.

30. Prior to December 13, 2023, Plaintiff disputed the Debt with Defendants.

31. On December 13, 2023, Defendant FLG, on behalf Defendant HSFG filed a lawsuit against Plaintiff in a collection case entitled <u>HS Financial Group, LLC v.</u>

<u>Veeramachaneni</u>, PAS-DC-011970-23 ("the State Court Action") in Passaic County in the New Jersey Superior Court of New Jersey, Law Division, Special Civil Part to recover $6,699.64, plus costs, related to the Debt.

32. The State Court Action Complaint incorrectly listed the original creditor as HSBCLine of Credit.

33. Plaintiff was subsequently served by mail with a copy of the summons and complaint in the State Court Collection Action.

34. Defendants proceeded with filing the State Court Action prior to validating the Debt.

35. Further, Defendants filed the State Court action prior to the end of the December 24, 2023 period that Plaintiff had to dispute the Debt.

36. In response to the filing of the State Court Action, Plaintiff hired counsel to defend him in the State Court Action.

37. When Defendants filed suit on December 13, 2023 in the State Court Action, more than five years had passed since Plaintiff had first defaulted on the debt by failing to make the first payment on November 13, 2018.

38. By suing Plaintiff in the State Court Action, Defendants sought to collect on a time-barred debt after the applicable statute of limitations had passed.

39. Since the statute of limitations had passed as to the Debt, Defendants were not entitled to file suit against Plaintiff to collect the Debt.

40. As a result of the Defendants' conduct, Plaintiff suffered actual damages by suing Plaintiff for a time-barred debt, including the cost of filing an answer and legal fees associated with defending the State Court Action.

41. Additionally, HSFG did not obtain a license from the New Jersey Department of Banking and Insurance prior to filing the State Court Action to collect the HSBC obligation as required by law. See *Veras v. LVNV Funding, LLC*, 2014 U.S. Dist. LEXIS 34176 (D.N.J. Mar. 17, 2014); *Lopez v. Law Offices of Faloni & Associates,* 2016 U.S. Dist. LEXIS 124730 (D.N.J. Sept. 14, 2016); *Latteri v. Mayer*, 2018 U.S. Dist. LEXIS 85926 (D.N.J. May 22, 2018); and *New Century Fin. v. Trewin*, 2018 N.J. Super. Unpub. LEXIS 1688 (May 24, 2018).

42. At all times relevant herein, HSFG derived income from sources within New Jersey.

43. At all times relevant herein, HSFG transacted business in New Jersey.

44. HSFG is a consumer lender as defined at N.J.S.A. 17:11C-2 et seq.

45. HSFG is in the business of buying, discounting or endorsing notes, or of furnishing, or procuring guarantee or security for compensation in amount of $50,000 or less.

46. HSFG is a sales finance company as defined at N.J.S.A. 17:11C-2 and N.J.S.A. 17:16C-1 et seq.

47. The HSFG obligation is an open-end loan as defined at N.J.S.A. 17:11C-2 and/or retail charge account as defined at N.J.S.A. 17:16C-1 et seq.

48. Alternatively, the HSBC obligation is a consumer loan as defined at N.J.S.A. 17:11C-2.

49. HSFG engages in the consumer loan business as defined at N.J.S.A. 17:11C-2.

50. HSFG engages in the business of purchasing defaulted consumer notes,

defaulted consumer loans and/or defaulted retail charge accounts.

51. At all times relevant to this matter, HSFG did not obtain a license under authority of the New Jersey Consumer Finance Licensing Act.

52. At all times relevant to this matter, HSFG did not obtain a license issued by the New Jersey Department of Banking and Insurance.

53. At all times relevant to this matter, HSFG did not obtain a license under authority of the New Jersey Consumer Finance Licensing Act authorizing it to make consumer loans, or to buy, discount or endorse notes (loans), or to receive interest.

54. As HSFG did not obtain the appropriate license under the New Jersey Consumer Finance Licensing Act during the time period relevant to this matter, it was prohibited from attempting to collect on the HSBC obligation.

55. As HSFG did not obtain the appropriate license issued by the New Jersey Department of Banking and Insurance at all times relevant to this matter, it was prohibited from attempting to collect on the HSBC obligation.

56. As HSFG did not obtain the appropriate license under the New Jersey Consumer Finance Licensing Act during the relevant time period, TLG was prohibited from attempting to collect on the HSBC obligation.

57. As HSFG did not obtain the appropriate license issued by the New Jersey Department of Banking and Insurance during the relevant time period, FLG was prohibited from attempting to collect on the HSBC obligation.

58. Plaintiff's actual damages, included, but are not limited to, attorney's fees paid to defend the State Court Action, filing fees paid by Plaintiff to file an Answer in the State Court Action and emotional distress.

## **POLICIES AND PRACTICES COMPLAINED OF**

59. It is Defendant's policy and practice to file collection lawsuits against consumers which violate the FDCPA, by *inter alia*:

    (a) Using false, deceptive or misleading representations or means in connection with the collection of a debt;

    (b) By seeking to collect more money from Plaintiff than it was entitled.

    (c) Using unfair or unconscionable means to collect or attempt to collect any debt.

60. On information and belief, Defendants engaged in the type of violative conduct identified herein with respect to at least 30 natural persons in the State of New Jersey.

## **COUNT I**

### **FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692 VIOLATIONS**

61. Plaintiff repeats the allegations contained in paragraphs 1 through 60 as if the same were set forth at length.

62. Defendants violated 15 U.S.C. §1692 et seq. of the FDCPA in connection with their collection attempts against Plaintiff and others similarly situated.

63. By in engaging in other collection activity as set forth herein, Defendants violated:

    A. 15 U.S.C. § 1692d, by engaging in conduct, the natural consequence of which is to harass, oppress or abuse Plaintiff;

B. 15 U.S.C. §1692e, by using a false, deceptive or misleading representation or means in connection with the collection of any debt;

C. 15 U.S.C. § 1692e(2)(A), by falsely representing the character, amount or legal status of the alleged debt in the lawsuit, by demanding money that it was not entitled to, and by suing for interest, fees and costs it was not entitled to collect

D. 15 U.S.C. § 1692e(2)(B), by falsely representing the entitlement to certain interest, fees, costs and/or other charges.

E. 15 U.S.C. § 1692e(5), by taking or threatening to take any action that cannot be legally taken;

F. 15 U.S.C. § 1692e(10), by using a false representation or deceptive means to collect or attempt to collect a debt from Plaintiff;

G. 15 U.S.C. §1692f, by using unfair or unconscionable means to collect or attempt to collect any debt; and,

H. 15 U.S.C. §1692f(1), by collecting or attempting to collect an amount that was not permitted by law.

I. 15 U.S.C. §1692g(a), by failing to comply with the enumerated requirements, and

J. 15 U.S.C. §1692g(b), by overshadowing Plaintiff's rights under section 1692.

**WHEREFORE**, Plaintiff, on behalf of himself and others similarly situated, demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and attorney Lawrence Hersh, Esq., as Class Counsel;

(b) Awarding Plaintiff and the Class actual damages;

(c) Awarding Plaintiff and the Class maximum statutory damages;

(d) Awarding pre-judgment interest;

(e) Awarding post-judgment interest;

(f) Awarding reasonable attorneys' fees, costs and expenses; and

(g) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated:   Rutherford, New Jersey
          December 12, 2024

>                              Respectfully submitted,
>
>                              By: s/ Lawrence C. Hersh
>                                  Lawrence C. Hersh, Esq.
>                                  17 Sylvan Street, Suite 102B
>                                  Rutherford, NJ  07070
>                                  (201) 507-6300
>                                  *Attorney for Plaintiff*

## **CERTIFICATION PURSUANT TO LOCAL RULE 11.2**

I, Lawrence C. Hersh, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: December 12, 2024

By: <u>s/ Lawrence C. Hersh</u>
Lawrence C. Hersh, Esq